UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HENRY NUNEZ and JAMES WILLIAMSON,   14-CV-0775 (JS)
on behalf of themselves and all others similarly
situated,   **DECLARATION**
**OF PETER A. ROMERO**
                      Plaintiffs,

   -against-

RYJEFF, INC., FEDEX GROUND CORPORATION,
and JEFFREY LERMAN,

                      Defendants.
-----------------------------------------------------------------X

      Peter A. Romero, an attorney admitted to practice law in the State of New York and the United States District Court for the Eastern District of New York, hereby declares upon information and belief under the penalties of perjury as follows:

      1.     I am a member of the firm Frank & Associates, P.C., attorneys for the Plaintiffs herein.

      2.     I submit this declaration in support of the Plaintiffs' motion for approval of the proposed settlement between the Plaintiffs and the Defendant FedEx Ground Package System, Inc. in this action.

      3.     Plaintiffs commenced this action against Defendants on February 5, 2014 to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA") and Section 655 of the New York Labor Law (the "New York Labor Law"). Plaintiffs filed an Amended Complaint on April 4, 2014. [DE 13].

      4.     Defendant FedEx Ground has denied and continues to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. FedEx Ground's Answer to the Amended

1

1 of 14

Complaint asserts that it did not employ the Plaintiffs. [DE 16]. Defendant FedEx Ground asserts that Plaintiffs were employed by Defendant Ryjeff Inc., not FedEx Ground, and Ryjeff alone was responsible for paying Plaintiffs.

5. Moreover, FedEx Ground claims Plaintiffs drove trucks over 10,000 pounds and regularly transported goods in interstate commerce and therefore Plaintiffs' FLSA claims are subject to the Motor Carrier Exemption. Further, given the exemption's application under the NYLL, Plaintiffs' overtime rate is limited to one and one-half times the basic minimum hourly rate in effect during their employment.

6. To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, Plaintiffs have concluded that it is in their best interests to resolve and settle their claims against FedEx Ground by entering into the Settlement Agreement (the "Agreement") annexed hereto as Exhibit A.

7. Pursuant to the terms of the Settlement, Defendant FedEx Ground agrees to pay each Plaintiff $4,000. Given the fact that Defendant FedEx denies that it employed the Plaintiffs, and that the MCA exemption is applicable to Plaintiffs' claims, the likelihood that Plaintiffs would obtain a better recovery on their claims at trial is extremely remote.

8. Defendant FedEx Ground also agrees to pay Plaintiffs' counsel $4,000 for attorneys' fees. Plaintiffs' counsel agreed to commence this action on a contingency fee basis, with no fees to be recovered in the event of a negative outcome, and has advanced the fees and costs necessary to prosecute the action. Despite substantial and varied legal obstacles to recovering damages from Defendant FedEx Ground, Frank & Associates, P.C. accepted this case and was able to achieve a favorable settlement.

9.      Accordingly, Plaintiffs respectfully request that the Court approve the Settlement.

Dated: Farmingdale, New York
       December 15, 2014

_____
Peter A. Romero

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

**WHEREAS** plaintiffs Henry Nunez ("Nunez") and James Williamson ("Williamson") (collectively "Plaintiffs") filed an action against Ryjeff, Inc. ("Ryjeff"), FedEx Ground Package System, Inc. ("FedEx Ground"), and Jeffrey Lerman ("Lerman") (collectively "defendants") in the United States District Court for the Eastern District of New York, entitled *Nunez, et al. v. Ryjeff, Inc., et al.*, 14 Civ. 0775 (JS) (SIL), asserting violations of the Fair Labor Standards Act and the New York Labor Law, seeking to recover unpaid overtime wages, and other relief against defendants (the "Lawsuit");

**WHEREAS**, FedEx Ground denies that it violated any rights of Plaintiffs and further denies that it may be held liable for any of the conduct alleged in the federal court lawsuit; and

**WHEREAS**, Plaintiffs and FedEx Ground desire to fully and finally resolve and settle in full all claims that Plaintiffs had, have, or may have against FedEx Ground, under the Fair Labor Standards Act, the New York Labor Law, and any other law; and

**WHEREAS**, Plaintiffs and FedEx Ground have negotiated in good faith and at arms-length to reach a settlement acceptable to them which constitutes a reasonable compromise of Plaintiffs' claims against FedEx Ground and FedEx Ground's defenses to those claims.

**NOW THEREFORE**, Plaintiffs and FedEx Ground, in consideration of the foregoing and the mutual covenants, promises, and undertakings set forth herein, agree as follows:

1. <u>Settlement Payments.</u>  FedEx Ground agrees to pay Plaintiffs the following payments no later than ten (10) days after the latter of the Court's approval of this settlement agreement and its dismissal with prejudice of Plaintiffs' claims against FedEx Ground:

> (i) Henry Nunez will receive one check in the amount of four thousand dollars ($4,000), for which a Form-1099 will be issued to Mr. Nunez.
>
> (ii) James Williamson will receive one check in the amount of four thousand dollars ($4,000), for which a Form-1099 will be issued to Mr. Williamson.
>
> (iii) Frank & Associates, P.C. will receive one check in the amount of four thousand dollars ($4,000), for which Form-1099s will be issued to Nunez, Williamson, and Frank & Associates, P.C.

Plaintiffs and Frank & Associates, P.C. shall provide properly executed W-9 forms within five (5) days of executing this Agreement to enable FedEx Ground to process the checks and issue the necessary 1099s.

2. <u>General Release</u>. In consideration for the benefits, payments, and promises provided for in this Agreement, Plaintiffs hereby irrevocably and unconditionally waive, release and forever discharge FedEx Ground and all of its related and/or affiliated companies and constituent agencies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and administrators of any employee welfare benefit plan, or any other person or company, from any and all known or unknown actions, causes of action, claims or liabilities of any kind which have been or could be asserted against them arising out of or related to those matters that are the subject of the above-referenced lawsuit, Ryjeff's or Lerman's employment of plaintiffs, Plaintiffs' provision of services to or for FedEx Ground and/or Plaintiff's separation from employment with Ryjeff or disqualification from providing services to or for FedEx Ground or arising out of or related to any other occurrence up to and including the date of this Agreement, including but not limited to: (a) claims, actions, causes of action and liabilities arising under the Age Discrimination in Employment Act, The Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Employee Retirement Income Security Act, the Rehabilitation Act, the Consolidated Omnibus Budget Reconciliation Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the New York State Human Rights Law, the New York State Labor Law, the New York City Human Rights Law, and/or any other federal, state, municipal, or local employment discrimination statutes or under any collective bargaining agreement (including, but not limited to, claims based on age, sex, attainment of benefit plan rights, race, religion, national origin, marital status, sexual orientation, sexual harassment, parental status, handicap, disability, retaliation, and veteran status); and/or (b) claims regarding wages, bonuses, vacation pay, sick leave, commissions or any other form of employee compensation; (c) claims, actions, causes of action or liabilities arising under any other federal, state, municipal, or local statute, law, ordinance or regulation; and/or (d) any other claim whatsoever including, but not limited to, claims based upon breach of contract, tort, equity, implied contract, wrongful termination, defamation, intentional infliction of emotional distress, sexual harassment, tortious interference with contract, assault, battery, violation of public policy, negligence and/or any other common law, statutory or other claim whatsoever arising out of or relating to Plaintiffs' employment with and/or separation from employment with Ryjeff or provision of services and/or disqualification from providing services to or for FedEx Ground.

3. <u>Consideration</u>. It is understood and agreed that the Release contained in this Agreement is given in exchange for benefits which are greater than those to which Plaintiffs would otherwise be entitled.

4. <u>Tax Indemnification</u>. Plaintiffs understand and agree that they will be solely responsible for paying any federal, state and local taxes which may be due from them on the Settlement Payments. Plaintiffs hereby agree to indemnify and hold FedEx Ground harmless from and against any claims for taxes associated with the Settlement

Payments and from and against any and all liability, interest or penalties, if any, that FedEx Ground may incur arising from the Settlement Payments. Plaintiffs also acknowledge that neither FedEx Ground nor its attorneys has offered any tax advice with respect to the tax aspects of any portion of this settlement or any other matters.

5.   Dismissal of Federal Court Lawsuit. Upon receipt of a fully executed copy of this Agreement, Plaintiffs, with input from FedEx Ground, shall take all steps necessary to seek the Court's approval of the settlement as required by the Fair Labor Standards Act and the Court's dismissal of FedEx Ground as a defendant in the Lawsuit and dismissal with prejudice of all claims brought against FedEx Ground in the Lawsuit.

6.   Covenant Not to Sue. Plaintiffs represent that they have no other claim or charge pending and will not in the future file any claim or charge in any state, federal or municipal agency, court, or other forum or permit themselves to be members of any class in any court, administrative proceeding, or arbitration proceeding regarding Plaintiffs' provision of services to or for FedEx Ground and/or disqualification from providing services to or for FedEx Ground, or any other matters that were or could have been alleged in the Lawsuit. Should a court, administrative body, or arbitrator rule that Plaintiffs may not waive a claim that is subject to this Agreement, Plaintiffs will not accept or be entitled to any money damages or other relief in connection with any other action or proceeding asserting any such claim against FedEx Ground.

7.   Waiver of Recovery. Other than Plaintiffs' agreement to dismiss this lawsuit, nothing in this Agreement is intended to or shall interfere with Plaintiffs' right to participate in a proceeding with any appropriate federal, state or local government agency enforcing any federal or state laws and/or cooperating with said agency in its investigation. Plaintiffs, however, waive any right they may have to recover in any proceeding based in whole or in part on claims released by this Agreement.

8.   Right to Legal Representation. Plaintiffs have reviewed this Agreement and have thoroughly discussed all aspects of this Agreement with Peter Romero, Esq., of Frank & Associates, P.C., an attorney of their own choosing.

9.   Voluntary Agreement. Plaintiffs acknowledge that they have carefully read and fully understand all of the provisions of this Agreement, that they are freely and voluntarily entering into this Agreement with a full understanding of its terms, and that they understand that this Agreement includes a release of all known and unknown claims.

10.   Non-Admission. Plaintiffs acknowledge that this Agreement is not to be construed in any manner whatsoever as an admission of wrongdoing or liability by FedEx Ground. FedEx Ground expressly denies that it has violated any law, statute, ordinance, contract, duty or obligation whatsoever, or that it has engaged in any wrongful or discriminatory conduct with respect to Plaintiffs.

11. <u>Non-Disparagement</u>. Plaintiffs agree not to criticize, denigrate, or disparage FedEx Ground or any of FedEx Ground's officers, managers, or supervisors in any manner whatsoever.

12. <u>Breach of Agreement</u>. Plaintiffs and FedEx Ground understand and agree that any breach of this Agreement by one party shall entitle the other to bring an action for failure to comply with the terms of this Agreement and to recover attorneys' fees and costs as part of such action in the event a court finds that the Agreement was breached.

13. <u>Supersession</u>. This Agreement supersedes any and all previous agreements, whether written or oral, between Plaintiffs and FedEx Ground.

14. <u>Severability</u>. In the event that any term, provision, or release of claims or rights contained in this Agreement is found or determined to be illegal or otherwise invalid and unenforceable, whether in whole or in part, such invalidity shall not affect the enforceability of the remaining terms, provisions, and releases of claims or rights except that if the result is that Plaintiffs are entitled to litigate any claims within the scope of Paragraph 2 of this Agreement, Plaintiffs shall return the consideration paid to them pursuant to paragraph 1 prior to initiating any proceedings relating to such litigation, unless the enforcement of such tender back requirement is deemed invalid under applicable law.

15. <u>Applicable Law and Jurisdiction</u>. This Agreement and any claim, dispute or controversy arising out of, under, or related to this Agreement, the relationship of the parties hereunder, and/or the interpretation and enforcement of the rights and obligation of the parties hereunder, shall be governed by, interpreted and construed in accordance with the laws of the State of New York, without regard to choice of law principles. Judge Joanna Seybert shall retain continuing jurisdiction over any matters or disputes arising from or relating to this Agreement.

16. <u>No Eligibility for Future Employment</u>. Plaintiffs agree that they will not seek and that they forever waive any right to employment, reinstatement, or re-employment with FedEx Ground or any related or affiliated company.

17. <u>No Future Business Relationship</u>. Plaintiffs agree that FedEx Ground may refuse to consent to either Plaintiff's acquisition of any FedEx Ground associated route or business, and may refuse to enter into any contracts with either Plaintiff, or an entity that either Plaintiff substantially controls. Plaintiffs acknowledge and agree that such refusal to enter into a contractual agreement is reasonable, justified, lawful and appropriate. Plaintiffs waive and release any claims that either Plaintiff, or a company the Plaintiff substantially controls, may have that would arise from such refusal. For purposes of this paragraph, the phrase "substantially controls" refers to actual

ownership stake in an entity and or practical control of the entity's day to day operations.

18. <u>Complete Agreement</u>. This Agreement constitutes the complete understanding between Plaintiffs and FedEx Ground, and the parties acknowledge that they are not relying on any promises, agreements, representations or statements not contained in this Agreement.

19. <u>No Oral Modification</u>. The parties acknowledge and agree that this Agreement may not be changed in any respect, except by a writing signed by the parties.

20. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic mail shall be deemed originals.

21. <u>OWBPA Provisions</u>. <u>Nunez and Williamson affirm that they have been given up to twenty-one (21) days to consider this Agreement (although either of them may choose to expedite the payment of settlement funds described herein by executing the Addendum attached to the Agreement) and may rescind the Agreement with seven (7) days after its execution. The Agreement will not become effective or enforceable until such period has expired. Nunez and Williamson affirm that they enter into the Agreement willingly and voluntarily.</u>

NUNEZ AND WILLIAMSON HAVE READ THE ENTIRE AGREEMENT CAREFULLY. NUNEZ AND WILLIAMSON FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. NUNEZ AND WILLIAMSON AGREE THAT THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY THEM AND THAT IF THEY DO NOT UNDERSTAND ANY PART OF THIS AGREEMENT, THEY UNDERSTAND THAT THEY HAVE HAD THE OPPORTUNITY TO HAVE IT EXPLAINED TO THEM BY AN ATTORNEY OF THEIR CHOOSING. THE ONLY PROMISES OR REPRESENTATIONS MADE TO NUNEZ AND WILLIAMSON ABOUT THIS AGREEMENT, OR TO INDUCE THEM TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT. NUNEZ AND WILLIAMSON AGREE THAT THEY WERE NOT PRESSURED OR COERCED IN ANY WAY TO

SIGN THIS AGREEMENT. NUNEZ AND WILLIAMSON ARE SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND, AFTER DUE CONSIDERATION, HAVE ENTERED INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS THEY HAVE OR MAY HAVE AGAINST FEDEX GROUND REGARDLESS OF THE DISCOVERY OF NEW FACTS.

**IN WITNESS WHEREOF**, Plaintiffs and FedEx Ground have acknowledged and executed this Agreement as of the dates indicated below:

HENRY NUNEZ

By: _[signature]_
Henry Nunez

Dated: 12/10/14

JAMES WILLIAMSON

By: _[signature]_
James Williamson

Dated: 12/10/14

FEDEX GROUND PACKAGE SYSTEM, INC.

By: 12/11/14 _[signature]_
Dated: 12/16/14
Kevin Koken
Regional Vice President

APPROVED AND SO ORDERED:

Dated: Dec. 22, 2014
Central Islip, NY

/s/ JOANNA SEYBERT
U.S.D.J.

## ADDENDUM TO SETTLEMENT AGREEMENT AND GENERAL RELEASE

I, Henry Nunez, do hereby certify that I have been provided with twenty-one (21) days within which to consider the foregoing Settlement Agreement and General Release prior to execution. I further certify that I have voluntarily and knowingly executed the Settlement Agreement and General Release prior to the expiration of the twenty-one (21) days period in order to expedite the payment of the consideration under the Settlement Agreement and General Release. My decision to execute the Settlement Agreement and General Release was not induced by fraud, misrepresentation, duress, or the result of a threat to withdraw or alter the terms and conditions of the Settlement Agreement and General Release. I understand that I still have seven (7) days from the execution of the Settlement Agreement and General Release within which I may rescind the Settlement Agreement and General Release for whatever reason.

DATE: 12/10/14

_____
Henry Nunez

STATE OF NEW YORK    )
                                        ) ss.:
COUNTY OF SUFFOLK  )

On this 10th day of December, 2014 before me personally came Henry Nunez, to me known and known to me to be the individual described in, and who executed, the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he had executed the same.

Sworn to before me this
10th day of December, 2014

_____
Notary Public

JULEIDY JIMINEZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01JI6255073
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES
JANUARY 30, 2016

10 of 14

## ADDENDUM TO SETTLEMENT AGREEMENT AND GENERAL RELEASE

I, James Williamson, do hereby certify that I have been provided with twenty-one (21) days within which to consider the foregoing Settlement Agreement and General Release prior to execution. I further certify that I have voluntarily and knowingly executed the Settlement Agreement and General Release prior to the expiration of the twenty-one (21) days period in order to expedite the payment of the consideration under the Settlement Agreement and General Release. My decision to execute the Settlement Agreement and General Release was not induced by fraud, misrepresentation, duress, or the result of a threat to withdraw or alter the terms and conditions of the Settlement Agreement and General Release. I understand that I still have seven (7) days from the execution of the Settlement Agreement and General Release within which I may rescind the Settlement Agreement and General Release for whatever reason.

DATE: 12/10/14

_James Williamson_

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

On this 10th day of December, 2014 before me personally came James Williamson, to me known and known to me to be the individual described in, and who executed, the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he had executed the same.

Sworn to before me this
10th day of December, 2014

_Juleidy Jiménez_
Notary Public

JULEIDY JIMÉNEZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01JI6255073
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES
JANUARY 30, 2016

11 of 14

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

On this 10th day of December, 2014 before me personally came Henry Nunez, to me known and known to me to be the individual described in, and who executed, the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he had executed the same.

Sworn to before me this
10th day of December, 2014

_Juleidy Jimenez_
Notary Public

JULEIDY JIMÉNEZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01JI6255073
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES
JANUARY 30, 2016


STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

On this 10th day of December, 2014 before me personally came James Williamson, to me known and known to me to be the individual described in, and who executed, the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he had executed the same.

Sworn to before me this
10th day of December, 2014

_Juleidy Jimenez_
Notary Public

JULEIDY JIMÉNEZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01JI6255073
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES
JANUARY 30, 2016

**Eric Denis - Direct/People** 29

A  Um, from what I remember, I struck him on his hand, that really didn't even have an effect. Um, so, with that, just wrestled with him some more.

Q  I'm sorry, I didn't hear.

A  I'm sorry, wrestled with him some more and we were able to cuff him.

Q  Now, you were able to get his right arm behind his back?

A  I believe so. At that point, Mike had gotten further up on his left side. He told me that he had his hand. We just brought back the hands together and cuffed him.

Q  So he was handcuffed at that point?

A  Right.

Q  And did you walk the defendant out of the house?

A  Yes.

Q  What was the defendant's behavior like after you were walking out of the house?

A  He was still angry, still angry, cursing. I know his mother was outside, that lady. He said some words to her.

**Eric Denis - Direct/People** 30

Q  Now, you said you know his mother was outside, that's Luz who you were talking about earlier?

A  Correct.

Q  Was there anybody else outside of that home when you walked out?

A  When we walked out, no, just the mother was outside.

Q  Okay. And, now, as you're walking outside, do you notice any injuries on the defendant?

A  No.

Q  What happens next?

A  At that point we place him in the back of our patrol car.

Q  And where was he placed in the back of the patrol car?

A  Behind the back passenger's side.

Q  Was he alone in the back seat?

A  Yes.

Q  Was there anything else seated on the seats in the car at that point?

A  Yes. In the rear seat is what we have our paperwork in, which we call it our

**Eric Denis - Direct/People** 31

paper bin.

Q  And what is that paper bin made out of?

A  Wood.

Q  Is that on the middle seat or the left side seat?

A  It's placed in the middle.

Q  Okay, is it secure in the middle seat or is it just sitting there?

A  It would be secured by the seat belt, the middle seat belt in the rear part of the vehicle.

Q  And now, officer, how tall would you say that -- I'm sorry, I don't remember what you called it?

A  Height-wise, approximately 18 inches.

Q  So it's 18 inches above the seat of the vehicle?

A  Correct.

Q  If you recall, where did that come up to on the defendant when he was seated in the car?

A  When somebody would sit down next

**Eric Denis - Direct/People** 32

to it, it's a cushion seat, would probably bring the box up to shoulder height.

Q  And now as he's placed in the patrol car, where are you?

A  At that point after I placed -- well, Mike and I put him in the car. We went back to talk to the mother because we had to fill out paperwork regarding why we were there.

Q  And what happens when you were filling out the paperwork?

A  At that point Mike still stays by the vehicle which is in the street. Since he's the recorder, gathering whatever paperwork is needed. I'm just getting basic information from the mother; pedigree, which is date of birth, exactly what happened. Mike tells me -- Officer Gorey tells me that he's going --

MR. SAMMIS:  Objection. Hearsay, your Honor.

THE COURT:  Sustained.

MS. MULLER:  Your Honor, it's not offered for the truth. It's offered to explain why Officer Denis did what he did.

13 of 14

COMMONWEALTH OF PENNSYLVANIA )
                              ) ss.:
COUNTY OF ALLEGHENY           )

On this 11th day of December, 2014 before me personally came Kevin Kaken, to me known and known to me to be the individual described in, and who executed, the foregoing Settlement Agreement and General Release, on behalf of FedEx Ground Package System, Inc., and duly acknowledged to me that he had executed the same.

Sworn to before me this
11th day of December, 2014

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Janice L. Pysh, Notary Public
Moon Twp., Allegheny County
My Commission Expires March 14, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

The Court has reviewed this Settlement Agreement and finds it to be fair and reasonable. The parties are HEREBY ORDERED to file a Stipulation of dismissal within Seven (7) days.

SO ORDERED:
/s/ JOANNA SEYBERT
Joanna Seybert, USDJ
Dated: Dec. 22, 2014
Central Islip, NY

14 of 14